# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Abram D. Braveboy,            )<br>                                              )<br>           Petitioner,         )<br>                                              )       Civil Action No. 8:23-cv-6104-TMC<br>      v.                                   )<br>                                              )                       **ORDER**<br> Steven Duncan,                 )<br>                                              )<br>           Respondent.      )<br>_____) | |

Petitioner Abram D. Braveboy, a state prisoner proceeding *pro se*, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), concluding that the petition is an unauthorized successive § 2254 petition and recommending the Court dismiss the petition without prejudice and without requiring Respondent to file an answer or return. (ECF No. 12 at 8). The Report was mailed to Petitioner at the address he provided to the court. (ECF No. 18). The Report was not returned to the court, so the Petitioner is presumed to have received it. Petitioner was advised of his right to file specific objections to the Report, (ECF No. 16 at 4), but failed to do so. The time for Petitioner to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the findings and conclusions set forth in the Report and ascertains no reason to deviate from the magistrate judge's recommended disposition

as set forth in the Report. Accordingly, the Court **ADOPTS** the Report (ECF No. 12), which is incorporated as if set forth fully herein. The Petition for habeas relief under § 2254 (ECF No. 1) is hereby **DISMISSED** without prejudice and without requiring Respondent to file a return. All pending motions are hereby **DENIED** as moot.

    A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 19, 2024